IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Oba Layton Champlin, ) | C/A No. 4:17-2782-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Warden, FCI Williambsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, a federal prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Respondent filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment along with a return containing supporting memorandum and exhibits. ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.

The Magistrate Judge noted that the parties submitted evidence outside of the pleadings; therefore, the Magistrate Judge treated the Motion as a Motion for Summary Judgment. ECF No. 25 at 2. The Magistrate Judge issued a Report and Recommendation ("Report") on May 11, 2018, recommending that the Court grant the Motion for Summary Judgment. ECF No. 25. Petitioner filed objections to the Report on June 4, 2018. ECF No. 28.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the

1

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina. Petitioner filed a petition pursuant to 28 U.S.C. § 2241, challenging a hearing before a disciplinary hearing officer ("DHO"), which resulted in a loss of forty-one days of good-time credits. The Magistrate Judge provides a thorough recitation of the applicable facts and law in the Report, which this Court incorporates by reference. In his objections, Petitioner contends that "[t]here was simply no evidence to support a finding of guilt by the DHO," and asserts that the Magistrate Judge erred in recommending that Respondent's Motion for Summary Judgment be granted. ECF No. 28.

## DISCUSSION

The Supreme Court of the United States has held that inmates are entitled to limited due process rights during prison disciplinary proceedings when a protected liberty interest, such as the accumulation of good-time credits, is affected. *Wolff v. McDonnell*, 418 U.S. 539 (1974). These due process rights include advance written

notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so would not jeopardize institutional safety, and a written decision. *Id.* at 564–71. Furthermore, substantive due process is satisfied if the disciplinary decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'" *Id.* (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)).

Here, Petitioner's objections contend that there is no evidence to support the DHO's decision. However, the Magistrate Judge accurately recited the decision of the DHO, which contains a detailed explanation of the specific evidence relied on to support the DHO's findings. ECF No. 25 at 10 (quoting ECF No. 1-1 at 5). This clearly satisfies the "some evidence" standard necessary to comply with substantive due process.

Accordingly, the Court **ADOPTS** the Report, and Respondent's Motion for Summary Judgment is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

August 9, 2018
Spartanburg, South Carolina